# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**VICTOR MANUEL ESTRADA PEREZ,**

    Petitioner,

vs.                                           Case No. 4:13cv208-MW/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, has submitted a habeas petition pursuant to 28 U.S.C. § 2241, doc. 1, and an in forma pauperis motion, doc. 2. Good cause having been shown, doc. 2, the motion is granted. The Clerk of Court shall file the petition without requiring payment of the filing fee.

Petitioner is currently housed at the Krome Service Processing Center in Miami, Florida. Doc. 2 at 1; doc. 1 at 1. At the top of the in forma pauperis motion, which was filed on court forms from this District, Petitioner indicated the motion should be filed in the "Collier County, FL" Division of the Northern District of Florida. Doc. 2 at 1. At the top of the petition, also submitted on a Northern District form, Petitioner indicated it should be filed in the "Naples, Florida" Division of the Northern District of Florida. Doc.

1 at 1. It is plausible that Petitioner intended this case to have been filed in the Southern District of Florida, notwithstanding that Petitioner used Northern District forms.

Generally, the proper respondent in a habeas proceeding is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition.[1] Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In Padilla, the Supreme Court reiterated the simple and consistently applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. In this case, Petitioner has not named the proper Respondent in a case which purportedly challenges removal and detention by immigration authorities; instead, he names the State of Florida as the Respondent. Doc. 1. Moreover, it is not entirely clear that despite an assertion that this petition concerns "immigration/removal," doc. 1 at 2, it does so. Petitioner's allegations concern the underlying state criminal conviction and a challenge to that conviction on the basis that he was unaware of the immigration consequences. Those issues may properly be addressed in the Southern District, where jurisdiction is appropriate. What is clear is that Petitioner is not housed in the Northern District of Florida, nor was he so detained when this § 2241 petition was filed.

---

[1] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ." 542 U.S. at 437, 124 S.Ct. at 2719.

Case No. 4:13cv208-MW/CAS

At all times, Petitioner has been detained in the Southern District of Florida. Therefore, this Court does not have jurisdiction over Petitioner, and because it appears he is in Miami, this case should be transferred there.

Accordingly, it is **ORDERED** that the motion for in forma pauperis status, doc. 2, be **GRANTED** and the Clerk of Court shall file the petition, doc. 1, without requiring payment of the filing fee.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this petition for writ of habeas corpus under 28 U.S.C. § 2241 be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 25, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**